UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

EMILIANO VASQUEZ,

                Defendant.

------------------------------------------------------------X

**AMENDED MEMORANDUM OF DECISION**

08-CR-00065 (RJD)

DEARIE, District Judge

      Defendant Emiliano Vasquez's request for compassionate release under 18 U.S.C. § 3582(c) is granted.

## BACKGROUND

      Mr. Vasquez is a 65-year-old inmate who is confronting a series of life-threatening illnesses as confirmed by the Bureau of Prisons. He seeks compassionate release.

      Mr. Vasquez is currently incarcerated at Federal Medical Center Devens ("FMC Devens"), where he is serving a 22-year term of imprisonment after a jury convicted him of conspiracy to distribute and possess with intent to distribute heroin, cocaine and marijuana (Count 1), conspiracy to commit Hobbs Act robbery (Count 2), use of a firearm in relation to a drug trafficking crime or a crime of violence (Count 3), and causing death through the use of a firearm (Count 4). His convictions stem from his participation in an armed robbery gang that primarily targeted drug dealers from 1999 to 2008. Mr. Vasquez, a cab driver, acted as an occasional tipster, lookout and getaway driver for other gang members. During one such stint as driver, an attempted robbery within an apartment resulted in the tragic death of a pregnant woman named Liliana Colmenares. Probation nevertheless assigned Mr. Vasquez to a minor

role offense level at sentencing because of his low-level participation in the crimes. ECF No. 293.

As a result of his age, failing health and the amount of time he has already served, Mr. Vasquez moves the Court pro se for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 399. Mr. Vasquez exhausted his administrative remedies when the Warden denied his request for compassionate release on August 11, 2020. Id. at 4.

## DISCUSSION

Compassionate release empowers courts to reduce a defendant's term of imprisonment in certain cases when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A court may grant compassionate release when (1) a petitioner has exhausted administrative remedies; (2) "extraordinary and compelling reasons warrant [] a reduction" of the originally imposed sentence; (3) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (4) the factors outlined in 18 U.S.C. § 3553(a) weigh in favor of a reduction. Id.

1. **Extraordinary and compelling**

In determining what may constitute extraordinary and compelling circumstances, a court is "free[] . . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

While not binding on the Court, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 provide that "extraordinary and compelling" reasons exist where, *inter alia*, "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health

because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n.1.

According to a BOP assessment of his current condition, Mr. Vasquez's advanced heart disease puts him at a high risk for "sudden cardiac death" and requires his reliance on an implanted defibrillator and pacemaker. ECF No. 403 at 1-2. For good reason, the government acknowledges that Mr. Vasquez's medical condition provides the extraordinary and compelling circumstances needed to support his application. Indeed, Mr. Vasquez is a very sick man. A 65-year-old diabetic, Mr. Vasquez is categorized by the Bureau of Prisons as a Care Level 4 or "severely impaired" inmate. The Warden of FMC Devens acknowledged his "deteriorating medical condition" when denying his application for release. ECF No. 399 at 4. He suffered a stroke while in custody that has left him partially paralyzed and dependent on a walker to navigate the facility. His 191-page medical records show he also suffers from Stage III chronic kidney disease and an assortment of related ailments. In sum, it seems most unlikely Mr. Vasquez will live to the end of his term of imprisonment.

2. **The factors in 18 U.S.C. § 3553(a)**

In addition to extraordinary and compelling circumstances, a court must also consider whether the factors outlined in 18 U.S.C. § 3553(a) warrant release. These include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range [set forth in the U.S.S.G.]; (5) any pertinent policy statement [issued by the U.S. Sentencing Commission]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Despite the grim picture that is Mr. Vasquez's health, the government insists he is, or remains, a danger to his community and thus should be required to serve his full sentence. I do not share that opinion. As an initial matter, it is indeed questionable whether on his own Mr. Vasquez was ever a danger to anyone. And it is clearly more difficult to infer that he is a danger now. The government understandably focuses on the activities of the group and, in particular, the tragic death of Ms. Colmenares and her unborn child. But the argument that such a sad occurrence speaks to the issue of Mr. Vasquez's dangerousness now requires closer scrutiny.

Mr. Vasquez was rightly held responsible for the foreseeable actions of his cohorts. But a more accurate measure of his personal culpability requires a closer examination of the events of June 10, 2001. It is undisputed that the murder was unplanned and unintended. According to the testimony, the shooting was more the result of the assailant's panic when confronted with Ms. Colmenares's initial resistance. Where drugs and guns combine with a violent intrusion, bad things are bound to happen. Mr. Vasquez and his co-conspirators were charged with that knowledge and have been punished appropriately. But as the events of that day unfolded, Mr. Vasquez was unarmed, sitting in his cab waiting to shuttle the group from yet another crime scene. He never carried a firearm nor did he participate in any of the robberies. He was essentially used only to shuttle the clearly more culpable assailants away from the various crime

scenes in his personal vehicle. With a seventh-grade education, Mr. Vasquez did what he was told, had no decision-making authority and played no role in the planning of the armed robberies, beyond occasionally identifying possible drug dealing targets.

Mr. Vasquez has been in federal custody since his arrest on May 6, 2008, a significant portion of which was spent in the challenging confines of MDC. Significant punishment for anyone, but especially for a defendant with Mr. Vasquez's medical history, as discussed above. Given the full range of circumstances, the 12-year sentence Mr. Vasquez has served to date appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." See 18 U.S.C. 3553(a).

**3. Release is consistent with the Sentencing Commission's policy statements.**

Finally, § 3582(c)(1)(A) requires that the Court determine release is consistent with the Sentencing Commission's policy statements. To comply with the applicable policy statement found in Section 1B1.13(2), the Court must be satisfied that Mr. Vasquez "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). For the reasons discussed, it is most unlikely that Mr. Vasquez, who will presumably be removed from the United States, will pose a danger to the community and so I find that his release from custody is consistent with the Commission's policy statements.

**CONCLUSION**

For the reasons stated herein, the Court grants Mr. Vasquez's motion for compassionate release. A bit player in a cast of violent thieves, he has been punished severely, but given his limitations and the ever-present threats to his health and survival, every day in prison is particularly difficult and prompts this Court to conclude that enough is enough. Accordingly, effective May 3, 2021, the sentence is reduced to TIME SERVED, followed by five (5) years of supervised release as originally imposed on June 20, 2014.

SO ORDERED.

Dated: Brooklyn, New York
February 22, 2021

    /s/ Raymond J. Dearie
RAYMOND J. DEARIE
United States District Judge